UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-10017 |
| VERSUS | JUDGE DRELL |
| MELVIN WILLIAMS | MAGISTRATE JUDGE KIRK |

**MELVIN WILLIAMS' SECOND REQUEST FOR DISCOVERY AND SPECIFIC *BRADY* MATERIAL**

NOW INTO COURT, through undersigned counsel, comes MELVIN WILLIAMS, the defendant in this matter, (hereinafter referred to as "Mover"), who respectfully requests that for the reasons of fact and law set forth herein, the government provide him with specific *Brady* material.

1.

Mover is charged in a one count indictment with "knowingly, and by means and use of a dangerous weapon, that is a sharp object, did forcibly assault, resist, oppose, impede, intimidate, and interfere with T.B., a corrections officer," at USP Pollock, in violation of 18 U.S.C. section 111.

2.

Trial of this matter is currently set for October 30, 2006.

3.

The government has provided three (3) video files originating from USP Pollock. Two files depict footage of the alleged assault from different angles in an indoor corridor. The third file (labeled "FBOP Pol~(3-229 C Ya~)_060308101928_060308102250_0003_0001.avi") depicts the Mover's surrender to USP Pollock officials outdoors, and his being escorted into a building after his surrender.

4.

In the outdoor video file noted above (FBOP Pol~(3-229 C Ya~)_060308101928_060308102250_0003_0001.avi), it can clearly be seen that a white female USP Pollock staff member with brown hair, dark clothes and dark shoes, is filming Mover's entire "standoff" and eventual surrender with a common handheld video camera of the type that commonly also has audio recording capability.

5.

As of this date, the government has not provided to the defense the audio/video footage from the handheld video camera described in the above paragraph.

6.

Mover's position is that he is entitled to the above described audio/video from the handheld video camera pursuant to the Criminal Pretrial Discovery Order, either under section I(a)(1)(A), as it may constitute a relevant recorded statement of the defendant, or under section I(a)(1)(H), as it constitutes photographs material to the preparation of the defense.

7.

Alternatively, the audio/video footage contains specific audio/video evidence material to Mover's defense and/or punishment, and therefore must be turned over to the defense pursuant to *Brady v. Maryland*. At the very least, Mover believes that the audio/video tape contains his own explanations of the alleged assault at the time it occurred. It will corroborrate Mover's assertion that he was frustrated that Lt. Lemoine did not take steps to prevent a continuation of inappropriate and/or illegal sexual contact on the part of the alleged victim, despite Mover having reported such behavior to Lemoine and receiving Lemoine's assurances that the complained of conduct by the

victim would cease.  Even if such evidence is found to be not necessarily favorable to Defendant's substantive defense, it is obviously material to the issue of punishment.

8.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963), the United States Supreme Court held that the due process clause of the Fifth Amendment of the United States Constitution required that the prosecution turn over to the defendant evidence that was favorable to the defendant or material to the issue of guilt or punishment.

9.

In connection with the government's obligations pursuant to *Brady*, the prosecution is considered to have knowledge of any information that is readily available to it, and the failure to provide that information, when requested, violates *Brady*.  *Williams v. Whitley*, 940 F.2d 132, 133 (5th Cir. 1991); *U. S. v. Auten*, 632 F.2d 478 (5th Cir. 1980).

WHEREFORE, for the reasons of fact and law set forth herein, the United States should produce to the defense the aforementioned audio/video tape.

        RESPECTFULLY SUBMITTED,

        REBECCA L. HUDSMITH
        FEDERAL PUBLIC DEFENDER FOR THE
        MIDDLE & WESTERN DISTRICTS OF LOUISIANA


By:    s/ Robert M. Marin_____
      **ROBERT M. MARIN (LA 25157)**
      Assistant Federal Public Defender
      102 Versailles Blvd., Suite 816
      Lafayette, Louisiana  70501
      (337)262-6336 (Phone)     (337)262-6605 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above MELVIN WILLIAMS' SECOND REQUEST FOR DISCOVERY AND SPECIFIC *BRADY* MATERIAL has been served on Mr. Earl M. Campell, Assistant United States Attorney, 300 Fannin Street, Shreveport, Louisiana 71101, via electronic filing.

Lafayette, Louisiana, this 19th day of September, 2006.



                                          s/ Robert M. Marin
                                          ROBERT M. MARIN