UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CASE NO. 06-cr-10017-01-01 |
|---|---|
| -vs- | JUDGE DRELL |
| MELVIN WILLIAMS (01) | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the court is a "Motion for Appointment of Counsel Pursuant to Section 3582(c)(1)(A) for Compassionate Release" (Doc. 76) filed by defendant Melvin Williams ("Williams") as well a letter to the court advising that he is unable to respond to the Government's opposition to his motion for compassionate release as he is being transferred to another BOP facility and is without his paperwork (Doc. 88).

We first address Williams' motion for appointment of counsel and note that there is no constitutional right to appointed counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In the context of 18 U.S.C.§3582(c)(2) motions, which are analogous to compassionate release motions pursuant to 18 U.S.C. §3582(c)(1)(A)(i), "the Fifth Circuit has held that defendants have no statutory or constitutional right to counsel." United States v. Whitebird, 55 F.3d 1007, 101 (5th Cir. 1995) and United States v. Moore, 400 F.App'x 851, 852 (5th Cir. 2010) (*per curiam*)). Further, the First Step Act does not provide for the appointment of counsel for those seeking relief under §3582(c)(1)(A). Although appointment of counsel may be allowed when "the court determines that the interests of justice so require," United States v. Robinson, 542 F.3d 1042-1051-52 (5th Cir. 2008); 18 U.S.C. §3006A(a)(2), no such circumstances exist here. This matter is not complicated and does not involve unresolved issues.

Moreover, it is apparent from Williams' filings (Docs. 76 and 88) that he has a very good understanding of what evidence is required to support a motion for compassionate release.

At this time, we are unable to address Williams' motion for compassionate release. First, his current motion states he attached his request to the warden for compassionate release to his current motion, but we do not find any such documentation in the record. Second, Williams has notified the court of his impending transfer to another BOP facility and the need for additional time to respond to the Government's opposition to his early release. We find these circumstances warrant an extension of time for Williams to refile his motion for compassionate release and respond to the Government's opposition.

Considering the foregoing, it is hereby

ORDERED that Williams' motion to appoint counsel is DENIED. It is further

ORDERED that Williams shall refile his motion for compassionate release and address Government's opposition on or before January 15, 2023. The Government shall have 14 days from the date of Williams' filings to reply.

THUS DONE AND SIGNED at Alexandria, Louisiana this 21st day of October 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT