a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA,
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA | CRIMINAL CASE NO. 1:06-CR-10017 |
| VERSUS | JUDGE DEE D. DRELL |
| MELVIN WILLIAMS | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Compassionate Release and Motion to Appoint Counsel (ECF No. 76) filed by pro se prisoner Melvin Williams ("Williams"). Because Williams does not establish his entitlement to release or to appointed counsel, his Motion should be DENIED.

I.   Background

While incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), Williams was convicted of assaulting a federal officer in violation of 18 U.S.C. §111.[1] ECF No. 42. The probation officer determined Williams's total offense level to be 29. Using a base offense level of 14 for an aggravated assault, the probation officer added: (1) four levels because Williams used a dangerous weapon

---

[1] When convicted, Williams was serving two terms of imprisonment in the custody of the United States Bureau of Prisons: (1) for Conspiracy to Commit Hobbs Act Robbery, Conspiracy to Assault and Kill Federal Agents, Attempt to Kill Federal Agents, Assaulting Resisting and Impeding Federal Agents, and Using and Carrying a Firearm During and in Relation to a Crime of Violence. *See* 2:94-CR-00196 (E.D. Pa.); and (2) for Escape from Federal Custody. *See* 2:98-CR-00089 (E.D. Pa.).

pursuant to U.S.S.G. § 2A2.2(b)(2)(B); (2) three levels because the victim, a federal officer, sustained injuries pursuant to § 2A2.2(b)(3)(A); (3) two levels because Williams was convicted under § 111(b) pursuant to § 2A2.2(b)(6); and (4) six levels because the victim was a Government employee and the offense of conviction was motivated by the officer's status as a Government employee pursuant to § 3A1.2(b). *See United States v. Williams*, 520 F.3d 414, 419 (5th Cir. 2008). Williams's criminal history category was IV, resulting in an advisory guideline sentencing range of 121 to 151 months of imprisonment. The Court sentenced Williams to a term of 150 months of imprisonment, to run consecutive to any term Williams was currently serving. *Id.* The conviction was affirmed. *Id., cert. denied*, 555 U.S. 852 (2008).

Williams has filed numerous challenges to the conviction for Conspiracy to Commit Hobbs Act Robbery, Conspiracy to Assault and Kill Federal Agents, Attempt to Kill Federal Agents, Assaulting Resisting and Impeding Federal Agents, and Using and Carrying a Firearm During and in Relation to a Crime of Violence. A motion for reconsideration of that court's denial of Williams's motion to vacate under 28 U.S.C. § 2255 is currently pending in the Eastern District of Pennsylvania. *See* 2:94-CR-00196 (E.D. Pa.), ECF No. 435.

In this district, Williams filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(a) because he has "sickle cell"; he has been incarcerated since he was 18; and his only sister was killed, leaving his elderly mother in a troubled state. ECF No. 76 at 2.

2

II.  Law and Analysis

 A.  Appointment of counsel is not required or necessary.

Williams requests the appointment of counsel to assist him with his request for release. ECF No. 76. The Court entered a Standard Procedural Order in response to the Motion:

> The FPD [Office of the Federal Public Defender] shall have five (5) days from the date the pro se motion is entered into the record to screen such matters and in appropriate cases file a motion to enroll or to request appointment of counsel from the Criminal Justice Act panel in the case of a prohibitive conflict that would prevent FPD representation of a client or other good cause supports appointment of outside counsel.

ECF No. 77. The Public Defender has not enrolled. And the Court finds that appointment of counsel is not required in this instance under the Criminal Justice Act. *See U.S. v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995). The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter because the issues are not complicated, and Williams's position is adequately explained in his motion and memoranda. ECF Nos. 76, 89, 93.

Therefore, Williams's prayer for appointment of counsel should be DENIED.

 B.  Williams is not entitled to relief.

On December 21, 2018, the First Step Act of 2018 was signed into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion in certain circumstances to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a

3

>motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A). This provision is commonly referred to as the "compassionate release" provision.

The United States Court of Appeals for the Fifth Circuit has held that, for a defendant to establish entitlement to compassionate release, he must establish three criteria. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). First, he must meet one of two conditions listed in § 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under § 3582(c)(1)(A)(i) or the defendant is at least 70 years of age, has served at least 30 years in prison, and meets the additional requirements of § 3582(c)(1)(A)(ii). *Id.* at 391. Second, the defendant "must show that compassionate release is consistent with the applicable policy statements from the [United States Sentencing Commission ("Commission")]." *Id.* at 392. Third, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *Id.*;

4

*accord United States v. Keys*, 846 F. App'x 275, 275–76 (5th Cir. 2021); *United States v. Cooper*, 996 F.3d 283, 287–88 (5th Cir. 2021).

Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress elected to delegate its authority to the United States Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *Shkambi*, 993 F.3d at 391.

Prior to the passage of the First Step Act, the Commission issued a policy statement set forth in U.S.S.G. § 1B1.13, which, along with its commentary, describes what reasons qualify as extraordinary and compelling. However, § 1B1.13 references only motions filed by "the Director of the [BOP]"—not an individual defendant. Consequently, the Fifth Circuit has held that when a defendant files a motion for compassionate release on his own behalf, the Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the BOP. *Id.* at 392. Nevertheless, § 1B1.13 and its commentary are informative as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13); *United States v. Noriega*, 4:14-CR-73, 2021 WL 2044279, at *3 (E.D. Tex. 2021).

Under § 1B1.13, a terminal illness, such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia" is an extraordinary and compelling reason for release. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Additionally, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition; (2) suffering from a serious functional or cognitive impairment; or (3) experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. *See* U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The commentary also sets forth other conditions and characteristics that qualify as extraordinary and compelling reasons, including some related to the defendant's age and family circumstances. *See* U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons. *See* U.S.S.G. § 1B1.13, cmt. n.1(D).

1. <u>**Williams does not establish extraordinary and compelling reasons for release.**</u>

One of Williams's claims for relief is that "he has suffered from sickle cell all his life." ECF No. 76. Williams did not attach any medical records in support of his claim.[2] The Government states that Williams's medical records show that Williams

---

[2] Because he bears the burden of establishing an entitlement to sentence reduction, Williams's motion for compassionate release as to this alleged medical condition may be denied on this basis alone. *See United States v. Baker*, 13-CR-00319, 2021 WL 232811, at *3

has the genetic trait for sickle cell anemia rather than sickle cell disease. Thus, Williams "is not suffering from the disease, has no symptoms and has not been hospitalized for a sickle cell crisis in over three years." ECF No. 87 at 11. In response, Williams does not challenge the Government's contention that he has sickle cell trait, not disease. Williams claims that he experiences pain daily, but he admits that he has not had an excruciatingly painful day in almost three years. ECF No. 89.

The Court has previously determined that sickle cell trait is not an extraordinary and compelling reason for compassionate release. *United States v. Hall*, 19-CR-00394, 2023 WL 3366547, at *3 (W.D. La. 2023) (obesity, breathing difficulties, and sickle cell anemia do not amount to extraordinary and compelling reasons for release); *see also United States v. Norman*, 3:17-CR-0315, 2021 WL 3406729, at *3–4 (N.D. Tex. 2021) (severe obesity, respiratory disorder, arthritis, allergic rhinitis, chronic sinusitis, use of corticosteroid (prednisone), sickle cell trait, and mental illness do not constitute extraordinary and compelling reasons for release).

Williams also claims that his "only sister was killed, leaving his mother in a troubled state and very old age." ECF No. 1 at 2. Williams's sister was killed in 1995, and Williams has been incarcerated since 1994. ECF No. 89 at 5. This Court

---

(W.D. La. 2021) (citing *U.S. v. v. Aguila*, No. 2:16-CR-00046, 2020 WL 1812159, at *2 (E.D. Cal. 2020); *U.S. v. Lotts*, 08-CR-1631 JAP, 2020 WL 835298, at *3 (D.N.M. 2020)); *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (denying motion for compassionate release where defendant "failed . . . to provide the Court any medical records").

sentenced Williams in 2007, having reviewed all relevant personal information and the presentence report. Williams's sister's death is not a new development that would cause the Court to reconsider his sentence.

Finally, Williams claims that he should be released because he was only 18 when he became incarcerated. However, Williams was 34 when he assaulted the federal officer at USP-Pollock and was convicted. In other cases where district courts have granted compassionate release, the defendants were no older than 25 at the time of their respective sentencings. *See United States v. McLean*, 4:93-CR-22, 2022 WL 829492, at *6 (E.D. Tex. 2022) (collecting cases).

2. **Section 3553(a) does not support a sentence reduction.**

Even if Williams had shown extraordinary and compelling reasons to reduce his sentence, they do not outweigh the factors outlined in § 3553(a). The applicable statutory factors include: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

Williams committed a serious offense by physically assaulting a federal officer, and he did so while he was serving sentences for other serious crimes. Williams attacked the officer from behind, hitting him on the temple and top of his head. The

officer suffered bruises, vision loss, and headaches from the blows. *Williams,* 520 F.3d at 418. After striking the officer several times, Williams "both pointed and swung the shank" towards the officer. *Id.* at 423. The officer feared for his life. *Id.* at 418. Williams then ran from the scene and was chased by a prison counselor. Only after Williams was surrounded by approximately 30 other staff members armed with less-than-lethal munitions did he relinquish the shank. *Id.* at 418; ECF No. 87 at 3. Thus, the nature and circumstances of the offense weigh against a sentence modification.

Williams's history and characteristics do not warrant a reduced sentence, either. Although the Court received some letters on Williams's behalf,[3] they do not outweigh the nature and circumstances of the offense. The Court also notes that, at the time of sentencing, Williams's criminal history category was VI, the highest possible. *See Williams*, 520 F.3d at 419. The Court considered Williams's objections and his testimony at sentencing and entered a sentence within the guidelines.

Next, the 150-month sentence reflects the seriousness of the offense. Williams, armed with a shank, physically attacked an unarmed prison official. When another officer approached, Williams pointed the weapon at him, as well. *Id.* at 418. Reducing the guideline-range sentence would not deter similar conduct.

Moreover, Williams's 150-month sentence will run consecutive to his 22-month sentence in 2:98-CR-0089 (E.D. Pa.), which runs consecutive to his 384-month

---

[3] Williams's grandmother submitted a letter stating that she missed him. ECF No. 92. Williams's father wrote that he was self-employed and would give Williams a job upon his release. ECF No. 94. Williams's mother advised that Williams had matured during 28 years in prison, and he wants to help misguided youth upon his release. ECF No. 92.

sentence in 2:94-CR-0196 (E.D. Pa.). Although he has been incarcerated for almost 30 years, Williams has not yet completed the two prior sentences. Thus, he has not served a "substantial portion" of the sentence imposed by this Court. Defendants who have not served a substantial portion of their sentences are not favored candidates for compassionate release. *See United States v. Swenson*, 15-CR-402, 2022 WL 3369448, at *1 (S.D. Tex. 2022) (citing *United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir.) ("The courts that granted compassionate release on [the] bases [of preexisting conditions] largely have done so for defendants who had already served the lion's share of their sentences[.]"), *cert. denied*, 141 S. Ct. 2688 (2021); *United States v. Love*, 853 F. App'x 986, 987 (5th Cir. 2021) (common manageable conditions do not warrant compassionate release especially if defendant has not served "lion's share" of sentence)).

### III.  Conclusion

Considering the factors set forth in § 3553(a) and Williams's failure to establish extraordinary and compelling circumstances, IT IS RECOMMENDED that the Motion to Appoint Counsel and for Compassionate Relief (ECF No. 76) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 21, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE